USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/3/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X

UNITED STATES OF AMERICA,

    *-against-*

PAUL VAN MANEN, et al.,

    *Defendant.*

------------------------------------------------------X

18 Cr. 30 (PAC)

**OPINION & ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

The Government moves *in limine* to preclude the defense from introducing a music video of Government's cooperating witness CW-1 (Dkts. 203 & 228). Defendants Van Manen and Charlton also move to admit a hearsay statement made to Witness-1 (Dkt. 230). For the reasons that follow, the Government's motion is GRANTED in PART and DENIED in PART. The Defendants' motion is DENIED.

### I. CW-1 Music Video

CW-1 is a codefendant of Charlton and Van Manen who formally entered into an agreement to assist the Government in this case in January of 2019. (Charlton Opp. Mem., Dkt. 226 at 3). Approximately a month before he signed that agreement, CW-1 uploaded a music video to the internet in which he, according to Charlton's interpretation, raps about this case, states that he has continued to deal drugs while on bail, "makes light of getting addicts high," and discusses his eventual cooperation with the Government. (*Id.*). Charlton believes this video is probative of CW-1's character and is admissible under the Confrontation Clause of the Sixth Amendment, which guarantees him the right to cross-examine witnesses and present a defense. *See United States v. Bejasa*, 904 F.2d 137, 141 (2d Cir. 1990). The Government believes this video is highly

prejudicial and irrelevant because nothing in it speaks to CW-1's character for truthfulness. *See* Fed. R. Evid. 608(b).

Under Federal Rule of Evidence ("FRE") 611(b), "[c]ross-examination should be limited to the subject matter of the direct examination and matters affecting the credibility of the witness." The Federal Rules of Evidence limit the circumstances under which evidence of specific acts of a witness may be introduced into evidence. FRE 608(b) provides that "[e]xcept for a criminal conviction under [FRE] 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." The Court "may, on cross examination, allow [those prior acts] to be inquired into," but only if such acts "are probative of the character for truthfulness or untruthfulness of . . . the witness." Fed. R. Evid. 608(b)(1).

The Court believes the fact that CW-1 made and uploaded this music video while out on bail as a co-conspirator in this case, less than two months before he formally agreed to cooperate with the Government, is relevant to his character for truthfulness and the credibility of the testimony he will give at trial. Additionally, some of the statements CW-1 makes in this video are also relevant to his character for truthfulness, as they appear to tout his ability to cooperate with law enforcement while simultaneously continuing his criminal conduct. The video itself, however, constitutes extrinsic evidence of prior conduct and is not admissible. *See* FRE 608(b).

Accordingly, the Government's motion to preclude CW-1's music video is GRANTED in Part and DENIED in PART. The video itself is precluded and cannot be shown at trial. The Defendants may, however, ask CW-1: (1) whether he made this video; and (2) about relevant statements from the video that they feel call his candor with the Government during its prosecution of this case into question.

## II. Hearsay Statement Made to Witness-1

Van Manen seeks to admit a statement made to Witness-1 by Individual-1 after Individual-1 learned of the death of Michael Ogno. (Dkt. 230). Van Manen has learned that Witness-1 told the Government that when Individual-1 got out of jail, Individual-1 called Witness-1 and asked what happened to Ogno. Witness-1 told Individual-1 she thought it was Van Manen who sold Ogno the drugs that led to his overdose. Individual-1 responded that it could be Van Manen or a cousin of Individual-1's ex-wife, who was either a heroin dealer or knew a heroin dealer. Van Manen seeks to admit Individual-1's statement as an excited utterance under FRE 803(2).

This statement is inadmissible hearsay. According to Van Manen, Individual-1 was in jail the day that Ogno died. When Individual-1 got out of jail, he called Witness-1 "to ask what happened with Ogno." (Dkt. 230 at 2). While it is true that an excited utterance need not be contemporaneous with the startling event, *see U.S. v. Jones*, 299 F.3d 103, 112 (2d Cir. 2002), the declarant still must be "under the stress of excitement caused by the event or condition." *United States v. Scarpa*, 913 F.2d 993, 1017 (2d Cir.1990). There is no evidence that such was the case here. Van Manen does not say how quickly after learning of Ogno's death Individual-1 called Witness-1, and it is not even clear from his submission that Individual-1 was startled at the time of the phone call. Van Manen's argument that "news that a close family member died so suddenly is certainly a startling event," (Dkt. 230 at 2), is pure conjecture. It is not a basis to admit an otherwise unreliable hearsay statement. Defendant's motion to admit Individual-1's statement is DENIED.

## III. Additional Pending Motions

Three additional motions *in limine* are currently pending before the Court but have not been fully briefed: (1) the Government's motion to redact racial slurs from CW-1's text messages

3

and phone calls (Dkt. 228 at 3); (2) Defendants' motion to admit evidence relating to Van Manen's past drug abuse and Charlton's financial hardship, including his homelessness (Dkts. 229 & 231); and (3) Defendants' motion to preclude Government Exhibits 262; 268; 269; and, 270 (Dkt 233). The Court reserves judgment on these motions until Monday, May 6, 2019 to allow the parties time to respond, should they so choose. The Court will issue its final ruling on any outstanding motions before jury selection begins.

Dated: New York, New York
May 3, 2019

SO ORDERED

*/s/ Paul A. Crotty*

PAUL A. CROTTY
United States District Judge