UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X
: 
UNITED STATES OF AMERICA,           :
                                    :     18 Cr. 30 (PAC)
     -against-                      :
                                    :     **OPINION & ORDER**
PAUL VAN MANEN, et al.,             :
                                    :
               *Defendant.*         :
                                    :
------------------------------------------------------X

HONORABLE PAUL A. CROTTY, United States District Judge:

The Government moves *in limine* to redact racial slurs from CW-1's text messages and phone calls (Dkt. 228 at 3). Defendants move to (1) modify the protective order regarding 3500 material; (2) admit evidence relating to Van Manen's past drug abuse, should Van Manen testify (Dkts. 229); (3) admit evidence of Charlton's financial hardship, including his homelessness (Dkt 231); and (4) preclude Government Exhibits 262; 267; 268; 269; and, 270 (Dkt 233).

### I. Redact Racial Slurs

The Government's motion to redact racial slurs from CW-1's text messages and phone calls is GRANTED. Defendants have not asserted any basis for which this evidence is relevant to and there is a high risk of prejudice. *See* FRE 403.

## DEFENDANTS' MOTIONS

### I. Modify the Protective Order

Charlton again asks this Court to modify the protective order he voluntarily signed to allow him to keep 3500 material with him in prison. (Dkt. 236). As this Court has already noted, the defendants are not entitled to 3500 materials until after a witness testifies, 18 U.S.C. § 3500. The Government has provided these materials to Charlton in advance of trial under certain conditions

that Charlton agreed to voluntarily. The Court will not modify this agreement. Defendant's motion is DENIED.

## II. Van Manen Character Evidence

Van Manen moves to admit evidence "that he was a heroin addict; that he spent all of his savings and assets purchasing heroin . . . that he frequently suffered painful sickness from heroin withdrawal," and relevant background evidence, should Van Manen testify. (Dkt. 229). Defendant argues this is relevant to his defense theory and that he is entitled to provide background information if he testifies. The Government objects to this evidence as irrelevant and merely an attempt to garner sympathy from the jury.

Van Manen has set forth a legitimate theory and deals with the issue of whether he was a participant in the conspiracy and demonstrated how this evidence is relevant to that theory. But there are limits to what can be covered. If Van Manen strays too far, he will be cut off. Additionally, this is contingent on Van Manen taking the stand. If he does not, the jury will be instructed to disregard relevant statements made by Van Manen's counsel as unsupported by evidence.

## III. Charlton's Character Evidence

Charlton seeks to admit evidence of his economic situation and homelessness to support his theory of the case —namely that his poverty and drug addiction led him to pool money with other and con his dealers into giving him heroin at a reduced rate. (Dkt. 231). The Government argues that this evidence is an irrelevant attempt to garner sympathy, particularly because economic necessity is not a defense to conspiracy. (*See* Dkt. 238 at 2).

Here again, the Court agrees that this evidence has limited relevance to Charlton's theory of the case and may be admitted for that purpose. Charlton's anticipated defense appears to be not

2

that he needed to enter the conspiracy because he was poor, but that his relationship with certain members of the drug conspiracy has an alternative, non-conspiracy related explanation. Charlton is entitled to argue about his economic situation to the extent it supports this theory of the defense, but no more. Here again, if he strays too far, he will be cut off.

**IV.     Preclude Government Exhibits 262; 267; 268; 269; and, 270**

Defendant moves to preclude Exhibits 262; 267; 268; 269; and, 270, photos of Michael Ogno's dead body taken by law enforcement at the crime scene on the day of his death. Defendants argue these photos are irrelevant and highly prejudicial, *see* FRE 403, while the Government argues these photos are relevant evidence of the timing of Michael Ogno's death, the cause of his death, and will serve the corroborate witness testimony.

The Government may admit one of these photos, and the rest are precluded. The Court believes a photo demonstrating that rigor mortis had set in by the time the photographs is relevant and probative to the Government's timeline as to Michael Ogno's overdose and is admissible. One photo can serve this purpose; more than one photo is unnecessary and inflammatory and is not allowed.

Dated: New York, New York  
       May 6, 2019

SO ORDERED

_____  
PAUL A. CROTTY  
United States District Judge

3