USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7-30-19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

UNITED STATES OF AMERICA,

-against-

PAUL VAN MANEN,

       *Defendant.*

------------------------------------------------------------X

18 Cr. 30 (PAC)

**OPINION & ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

Defendant Paul Van Manen was convicted by a jury on May 16, 2019, following an eight-day trial, of conspiring to distribute and possess with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. § 841(b)(1)(A), and a quantity of fentanyl, in violation of 21 U.S.C. § 841(b)(1)(C), the use of which resulted in the serious bodily injury of Shaun Sullivan on or about October 5, 2017, and the death of Michael Ogno on or about December 1, 2017. *See* Verdict Form, Dkt. 261. On May 14, 2019, at the close of the Government's case, Van Manen moved for a judgment of acquittal pursuant to Fed. R. Crim. P. 29 (the "Rule 29 Motion"). *See* 5/14/19 Tr., Dkt. 275, at 1127. The Court reserved judgment on Van Manen's motion. *Id.*

Having reviewed the trial record and evidence presented before judgment was reserved, the Court finds that a rational trier of fact could have found Van Manen guilty beyond a reasonable doubt. *See United States v. Jackson*, 335 F.3d 170, 180 (2d Cir. 2003). Accordingly, Van Manen's Rule 29 Motion is DENIED.

Van Manen also seeks leave to file a motion for a new trial pursuant to Fed. R. Crim. P. 33 despite his failure to file within 14 days of the verdict. *See* Fed. R. Crim. P. 33(b)(2)("any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within

14 days after the verdict or finding of guilty.") Rule 33, however, is not jurisdictional and the 14-day deadline may be extended under Rule 45(b)(1)(B) where the court determines the failure to file resulted from excusable neglect. *See United States v. Owen*, 559 F.3d 82, 83–84 (2d Cir.2009); *United States v. Kirsch*, 151 F. Supp. 3d 311, 314 (W.D.N.Y. 2015), *aff'd*, 903 F.3d 213 (2d Cir. 2018).

For the reasons discussed at today's conference, and in light of Van Manen's substitution of counsel, the Court finds excusable neglect in Van Manen's failure to timely file.[1] The Court will accordingly re-open the period for Van Manen's Rule 33 motion to enable his new counsel to familiarize himself with the trial record and make an independent assessment as to whether there are grounds for a Rule 33 motion in Van Manen's case. Defendant is to update the Court, within thirty days of this Order, as to the status of that assessment and whether he still intends file a Rule 33 motion at that time.

Dated: New York, New York  
July 30, 2019

SO ORDERED

PAUL A. CROTTY  
United States District Judge

---

[1] *See United States v. Scali*, No. 16-CR-466 (NSR), 2018 WL 3536082, at *2 (S.D.N.Y. July 23, 2018) (finding excusable neglect where prejudice to the government was negligible and allegedly ineffective counsel continued to represent the defendant during the 14-day post-conviction period); *United States v. Kenner*, 272 F. Supp. 3d 342, 420 (E.D.N.Y. 2017) (excusable neglect where defendant's relationship with trial counsel broke down but trial counsel continued to represent him through the 14-day post-conviction period).

2