UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
                                        :
UNITED STATES OF AMERICA,               :
                                        :
              v.                        :        18-CR-30-3 (PAC)
                                        :
PAUL VAN MANEN,                         :        **OPINION & ORDER**
                                        :
              *Defendant.*              :
                                        :
-------------------------------------------------------x

     Defendant Paul Van Manen is incarcerated at Federal Correction Institution ("FCI") Fort

Dix.  He moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), alleging several

of his health conditions constitute extraordinary and compelling reasons for release during the

COVID-19 pandemic.  For the reasons that follow, Van Manen's motion for compassionate release

is **DENIED** without prejudice as to its renewal should his health or the conditions at FCI Fort Dix

materially worsen.

### BACKGROUND

     Van Manen was arrested in January 2018 and charged with operating a multi-year drug

delivery service.  After an eight-day trial, a jury found him guilty of conspiring to distribute and

possess with intent to distribute one kilogram or more of heroin and a quantity of fentanyl, in

violation of 21 U.S.C. §§ 841(b)(1)(A) and 846.  The jury also found that the use of these drugs

resulted in the serious bodily injury of Shaun Sullivan and the death of Michael Ogno.  *See* Jury

Verdict Form, ECF No. 261.

     Van Manen's sentencing guidelines called for 360 months to life imprisonment, and the

Probation Department recommended a sentence of 300 months.  *See* Presentence Report, ECF No.

338, at 30.  In October 2019, the Court sentenced Van Manen below the guidelines to 276 months

imprisonment, followed by five years of supervised release.  *See* Sentencing Transcript, ECF No.

329, at 20:12-19. The Second Circuit affirmed the conviction. *See United States v. Van Manen*, 852 Fed. App'x 564 (2d Cir. 2021). As of the date of his compassionate release motion, Van Manen has served approximately 49 months, or 17%, of his 276-month sentence.

## DISCUSSION

Once imposed, a district court must leave a term of imprisonment undisturbed, subject to a few limited exceptions. *See United States v. Maldonado*, No. 16-CR-285 (CM), 2021 WL 639069, at *1 (S.D.N.Y. Feb. 17, 2021). The relevant exception here is known as the "Compassionate Release" provision, which allows a defendant to petition the district court for a sentence reduction after "fully exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Once the defendant has satisfied this administrative exhaustion requirement, the Court may grant a sentence reduction if it determines (1) the defendant has established "extraordinary and compelling reasons warrant such a reduction," and (2) a sentence reduction would be consistent with the § 3553(a) sentencing factors. *Id.*; *see also United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021). "A district court has broad discretion when considering a motion for compassionate release," *United States v. Halvon*, 26 F.4th 566, 569 (2d Cir. 2022), and may "consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring," *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). The only statutory constraint is that the Court shall not consider rehabilitation alone as an extraordinary and compelling reason to reduce the sentence. *See id.* at 237–38.

## I.   Exhaustion

Van Manen has satisfied § 3582(c)(1)(A)'s exhaustion requirement. His request for compassionate release was denied by the Bureau of Prisons ("BOP") on December 6, 2022. *See* Def.'s Mot., Ex. B, ECF No. 386-4. Over 30 days have passed since the BOP's decision. Thus, Van Manen has exhausted his administrative remedies and the Court may consider his motion.

## II.   Extraordinary and Compelling Circumstances

Van Manen not identified any extraordinary and compelling circumstances to reduce his sentence during the COVID-19 pandemic. He is fully vaccinated and the conditions of the prison where he is incarcerated are stable. His motion therefore fails.

Van Manen's medical records[1] indicate that he has multiple cardiovascular and respiratory conditions, including heart murmurs, chronic obstructive pulmonary disease ("COPD"), and hypertension. *See* Gov't Opp'n to Compassionate Release Mot., Ex. A ("Medical Records"), ECF No. 387-1. Moreover, Van Manen claims he is obese and suffered a heart attack about ten years ago. *See* Gov't Opp'n to Compassionate Release Mot., Ex. B (BOP denial of compassionate release request), ECF No. 387-2. These conditions, in the abstract,[2] would enhance Van Manen's risk of severe illness if he contracts COVID-19. *See People with Certain Medical Conditions,*

---

[1] The Court shall maintain under seal any filings that discuss Van Manen's medical history, just as it did for one of his co-defendant's compassionate release motions. *See United States v. Kosic*, No. 18 CR. 30 (PAC), 2021 WL 1026498, at *1 (S.D.N.Y. Mar. 17, 2021). However, the Court declines to redact the references to Van Manen's medical conditions in this Opinion. By moving for compassionate release based on these conditions, Van Manen has placed these aspects of his medical history into issue and has not overcome the presumption of public access. *See United States v. Ebbers*, 432 F. Supp. 3d 421, 423 (S.D.N.Y. 2020).

[2] The BOP is treating Van Manen's COPD with an inhaler and his hypertension with lisinopril. *See* Medical Records at 8–9.

CENTERS FOR DISEASE CONTROL, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Feb. 25, 2022).

Nevertheless, Van Manen is now fully vaccinated against COVID-19, after having received two doses of the Pfizer vaccine in the past two months. *See* Medical Records at 1. This Court has repeatedly found vaccines to be highly effective at reducing the risks of COVID-19 and its variants. *See United States v. Brown*, No. 18-CR-00339-PAC-3, 2021 WL 5233506, at *3 (S.D.N.Y. Nov. 10, 2021); *United States v. Kosic*, No. 18-CR-30-PAC-1, 2021 WL 1026498, at *2 (S.D.N.Y. Mar. 17, 2021). For the "vast majority of prisoners"—even those with underlying health conditions like Van Manen—the ubiquitous availability of vaccines means that the risk of COVID-19 is no longer an extraordinary basis for release. *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021); *see also, e.g.*, *United States v. Farmer*, No. 19-CR-427 (LTS), 2022 WL 47517, at *3 (S.D.N.Y. Jan. 5, 2022) (citing cases where vaccinated defendants' obesity or hypertension did not create extraordinary or compelling circumstances); *United States v. McCullum*, No. 15-CR-491 (LTS), 2021 WL 1550322, at *2 (S.D.N.Y. Apr. 20, 2021) (reaching same conclusion for COPD). The recent Omicron variant does not change this conclusion, as vaccines have been found to "dramatically reduce the risk of death or serious illness" for that variant as well. *See, e.g.*, *United States v. Herring*, No. 10 CR 391-67 (CM), 2022 WL 633871, at *3 (S.D.N.Y. Mar. 4, 2022).

Nor does the current COVID-19 risk from Van Manen's incarceration rise to the level of extraordinary or compelling. Van Manen filed his motion during a spike in cases from the Omicron variant, which causes "highly infectious, but mildly virulent" cases for vaccinated individuals. *Id.* at *4. The Omicron spike was temporary, however, and there are currently zero reported cases of COVID-19 at FCI Fort Dix. *See* BOP, *COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last accessed Mar. 21, 2022). Even to the extent Van Manen

4

alleges that testing is inadequate at FCI Fort Dix, the prison has vaccinated over 2,600 inmates (about 80% of its population), further reducing the risk of major outbreaks in the future. *See id.*; *United States v. Jones*, 17 F.4th 371, 375 (2d Cir. 2021) (affirming denial of compassionate release motion where "case counts are currently low" at a facility).

Given his COVID-19 vaccination and the current conditions at FCI Fort Dix, Van Manen has not established an extraordinary and compelling medical reason to reduce his sentence. "For that reason alone, the motion must be denied." *Maldonado*, 2021 WL 639069, at *4.

## III.    § 3553(a) Factors

Without extraordinary and compelling reasons to reduce his sentence, the Court need not address the § 3553(a) sentencing factors. *See Jones*, 17 F.4th at 374. Nevertheless, the Court accounts for any "uncertainty surrounding public health guidance" by explaining how the § 3553(a) factors provide an independent basis to deny Van Manen's motion. *Id.*

Although his sentencing guidelines called for 360 months to life imprisonment, the Court sentenced Van Manen to 276 months—only 36 months more than the mandatory minimum he could have received. Yet his crime was serious. At sentencing, the Court noted how Van Manen had "not accepted his guilt and show[ed] no remorse" for his heroin deliveries that had "placed his community on Staten Island in real danger," and contributed to the death or serious injury of at least two people. Sentencing Tr. at 29:20-30:1. The Court weighed those considerations, along with Van Manen's lengthy criminal record, against the fact that his "substance abuse was a major factor in his turning into a drug dealer." *Id.* In short, the Court considered all of Van Manen's circumstances when it gave him a significantly-below-guidelines sentence. Reducing Van Manen's sentence further would not "reflect the seriousness of the offense," "promote respect for the law," or "afford adequate deterrence to criminal conduct" under § 3553(a). And just like two

of his co-defendants' motions whose compassionate release motions have been denied,[3] Van Manen has served less than a quarter of his sentence, which counsels against an early release. *See Kosic*, 2021 WL 1026498, at *5; *United States v. Cucciniello*, No. 18-CR-00030-PAC-9, 2020 WL 5836418, at *3 (S.D.N.Y. Oct. 1, 2020).

## CONCLUSION

Van Manen's motion for compassionate release is **DENIED** without prejudice as to its renewal should his health or the conditions at FCI Fort Dix materially worsen. The Clerk of Court is directed to close the motion at ECF No. 386.

Dated: New York, New York
      March 22, 2022

SO ORDERED

HONORABLE PAUL A. CROTTY
United States District Judge

---

[3] Van Manen notes that three co-defendants, whom he deems more culpable than him, received shorter sentences than he did. But the Court took disparities between co-defendants into account at sentencing. For instance, each of his co-defendants pleaded guilty whereas Van Manen went to trial. Due in part to their acceptance of responsibility, these co-defendants' guideline ranges were significantly lower than Van Manen's own—a disparity that does not provide a new reason to reduce Van Manen's sentence now. *See United States v. Pirgousis*, 290 F. App'x 388, 391 (2d Cir. 2008).