UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

PAUL VAN MANEN,

Defendant.

18-cr-30 (AS)

OPINION AND ORDER

ARUN SUBRAMANIAN, United States District Judge:

In 2019, Paul Van Manen was found guilty of conspiracy to distribute and possess with the intent to distribute heroin and fentanyl resulting in death and sentenced to 276 months of imprisonment. Dkt. 324. He now seeks a reduction of his sentence under 18 U.S.C. § 3582(c)(2) based on Amendment 821 to the United States Sentencing Guidelines. Dkt. 454. The Government opposes Van Manen's motion. Dkt. 458.

## LEGAL STANDARDS

18 U.S.C. § 3582(c)(2) states that a court "may reduce the term of imprisonment" for a "defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." When presented with a § 3582(c)(2) petition, courts "first must consider whether the defendant is eligible for a reduction by calculating the Guidelines range that would have been applicable had the amended Guidelines been in place at the time the defendant originally was sentenced." *United States v. Wilson*, 716 F.3d 50, 52 (2d Cir. 2013). In doing so, a court must consult the policy statement at U.S.S.G. § 1B1.10. *See Dillon v. United States*, 560 U.S. 817, 821 (2010) ("Any reduction [under § 3582(c)(2)] must be consistent with applicable policy statements issued by the Sentencing Commission."). A defendant is ineligible for a reduction if the amended Guidelines range is the same as the original Guidelines range. *See United States v. Teron*, 371 F. App'x 235, 236–37 (2d Cir. 2010) (finding that a district court "correctly determined that [a defendant was] ineligible for a sentence reduction . . . because his Guidelines range following the revisions . . . is in fact unchanged"); U.S.S.G. § 1B1.10(a)(2)(B) ("A reduction . . . is not authorized" if the amendment does not "lower[] the defendant's applicable guideline range."). A defendant is also ineligible if the amendment is not "applicable to the defendant." *Id*. § 1B1.10(a)(2)(A).

If a court finds the defendant is eligible, it then "'may' reduce the sentence 'after considering'" the 18 U.S.C. § 3553(a) factors. *Wilson*, 716 F.3d at 52 (quoting 18 U.S.C. § 3582(c)(2)).

## DISCUSSION

Amendment 821 went into effect in November 2023 and created U.S.S.G. § 4C1.1, which authorizes a two-level decrease in offense level for defendants who meet ten criteria.[1] There is no dispute that Amendment 821 was enacted after Van Manen's sentencing and applies retroactively. So here, the first step is to determine whether Van Manen qualifies for the § 4C1.1 offense-level decrease and is thus eligible for a reduction under § 3582(c)(2). Section 4C1.1 states that a defendant must satisfy "all" of its ten criteria to receive the two-level decrease. However, as the Government's opposition correctly identifies, Van Manen clearly does not meet at least two of the requirements.

The first is that "the offense did not result in death or serious bodily injury." U.S.S.G. § 4C1.1(a)(4). On its verdict form, the jury answered "Yes" to both the question of "whether the controlled substance (or substances) Paul Van Manen conspired to distribute resulted in the death of Michael Ogno" and the question of "whether the controlled substance (or substances) Paul Van Manen conspired to distribute resulted in the serious bodily injury of Shaun Sullivan." Dkt. 261; *see also* Dkt. 279 at 1613–14 (transcript of jury's presentation of the verdict at trial). Given the jury's findings, Van Manen's offense *did* "result in death or serious bodily injury," and he cannot benefit from the § 4C1.1 decrease. *See United States v. Tejeda*, 2024 WL 1676329, at *2 (S.D.N.Y. Apr. 18, 2024) (holding that § 4C1.1 did not authorize decrease for defendant who participated in conspiracy that resulted in death).

The second requirement is that "the defendant did not receive an adjustment under § 3B1.1 . . . and was not engaged in a continuing criminal enterprise." U.S.S.G. § 4C1.1(a)(10). However, the Final Presentence Investigation Report ("PSR") applied a three-point adjustment because Van Manen was "a manager or supervisor" under § 3B1.1, Dkt. 316 at 9, and at sentencing, the Government argued that "there were a number of individuals who were delivering" for Van Manen and described how he "got the heroin from Mr. Kosic and sort of doled it out sometimes to other people who delivered for him." Dkt. 329 at 8*; see also* Dkt. 322 at 5 ("Doreen Spinelli was one of several subordinates assisting Van Manen."). In response, Judge Crotty overruled Van Manen's objection to the adjustment and said: "the role adjustment is appropriate." Dkt. 329 at 10. This is an additional reason why an adjustment under § 4C1.1 is unwarranted. *See United States v. Thomas*, 2024 WL 3678520, at *2 (S.D.N.Y. Aug. 6, 2024) (holding that "§ 4C1.1(a) 'precludes a sentence reduction for defendants who, although not engaged in a continuing criminal enterprise, nonetheless received an adjustment under § 3B1.1'" (quoting *United States v. Barona Astaiza*, 2024 WL 990109, at *1 (E.D.N.Y. Mar. 7, 2024))); *United States v. Kamara*, 2024 WL 3816342, at *2–3 (S.D.N.Y. Mar. 27, 2024) (similar).

---

[1] Section 4C1.1 has been amended, with the amendments effective as of November 1, 2024. The amendments do not change the Court's analysis of the issues raised on Van Manen's motion.

The Court notes that the Probation Office's Supplemental PSR, submitted in response to the present motion, assumes that Van Manen had "no criminal history points" because the sentencing transcript was "unclear" as to the final determination. Dkt. 457 at 2 n.3. At sentencing, Van Manen's attorney disputed the Final PSR's finding of two criminal history points: one for selling unstamped cigarettes, and one for possession of an alprazolam pill. Dkt. 316 at 9–10, 12; Dkt. 329 at 2–4. He argued that Van Manen "should only have the one criminal history point" for the cigarettes because the alprazolam pill was "relevant conduct" that "should not count toward criminal history points." Dkt. 329 at 3. The Government argued both points were appropriate, and Judge Crotty ruled that Van Manen was in "criminal history category I" but did not make a specific finding about the number of points. *Id.* at 3–4. If Van Manen had one criminal history point for the cigarette sales, as his attorney stated, he would also fail the § 4C1.1(a)(1) requirement that "the defendant did not receive any criminal history points."

Even if Van Manen had zero criminal history points (and no one at the sentencing hearing contested he had at least one point), he failed to satisfy two other requirements in § 4C1.1. Amendment 821 (which created § 4C1.1) does not apply to Van Manen and would not have resulted in a lower Guidelines range. Under § 1B1.10, which this Court is instructed to follow when considering § 3582(c)(2) applications, no reduction in sentence is authorized.

## CONCLUSION

For these reasons, Van Manen's motion is DENIED. The Clerk of Court is respectfully directed to terminate the motion at Dkt. 454.

SO ORDERED.

Dated: October 22, 2024
New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge