UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

PAUL VAN MANEN,

Defendant.

18-CR-30 (AS)

ORDER

ARUN SUBRAMANIAN, United States District Judge:

The Court is in receipt of Van Manen's letter requesting leave to supplement his motion for compassionate release. Dkt. 471. The letter informs the Court that an orthopedic referral was cancelled, and Van Manen continues to experience pain in his knees that makes his "daily activities in the prison environment . . . nearly problematic." *Id.* The Court issued an opinion denying Van Manen's motion for compassionate release on March 26, 2025. Dkt. 469. A copy of the opinion is attached to this order. Even were the Court to consider Van Manen's supplemental letter, however, the Court's decision on the motion for compassionate release would not change. The record as a whole continues to show that while Van Manen suffers from serious health conditions, he is working with BOP staff to manage those conditions, so there is no "extraordinary and compelling reason" to reduce his sentence. *See id.* at 2. Nor do any potential changes in Van Manen's health affect the Court's analysis under 18 U.S.C. § 3553(a), which is an "alternative and independent basis for denial of compassionate release." *United States v. Robinson*, 848 F. App'x 477, 478 (2d Cir. 2021). So the motion for compassionate release would be denied even considering the information in the supplemental letter.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962); *see* Dkt. 469 at 2–3. The Clerk of the Court is directed to mail a copy of this order to Van Manen and to terminate the motion at Dkt. 471.

SO ORDERED.

Dated: May 9, 2025
New York, New York

ARUN SUBRAMANIAN
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-against-<br><br>PAUL VAN MANEN,<br><br>                  Defendant. | 18-CR-30 (AS)<br><br>OPINION AND ORDER |

ARUN SUBRAMANIAN, United States District Judge:

Paul Van Manen was convicted of conspiracy to distribute and possess with the intent to distribute heroin and fentanyl resulting in death. He was sentenced to 276 months of imprisonment. In February 2022, Van Manen made a counseled motion for compassionate release, citing health issues and the threat of COVID-19. Judge Crotty denied this motion, Dkt. 392, and the Second Circuit affirmed, Dkt. 433. Van Manen now moves again for compassionate release, acting *pro se*. Dkt. 464. For the following reasons, the motion is DENIED.

## I. Van Manen has not shown an "extraordinary and compelling" reason to reduce his sentence.

18 U.S.C. § 3582(c)(1)(A) states that a court "may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." "[B]efore moving for compassionate release, an inmate must either fully exhaust all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion for compassionate release on the inmate's behalf or show the lapse of 30 days from the receipt of such a request by the warden of the inmate's facility." *United States v. Saladino*, 7 F.4th 120, 125 (2d Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)).

The Government does not contest that Van Manen satisfied the exhaustion requirement. So the Court proceeds to ask whether Van Manen has met his burden to show that there exist "extraordinary and compelling" circumstances warranting a reduction in his sentence. *See United States v. Fernandez*, 104 F.4th 420, 427 (2d Cir. 2024) ("The burden of showing that the circumstances warrant a sentence reduction is on the defendant."). Van Manen points to the following circumstances: his "medical conditions, his family circumstances, the conditions of confinement over the last several years, and his significant evidence of rehabilitation." Dkt. 464 at 3. In addition, Van Manen argues that his "overly long" sentence is an "extraordinary and compelling" circumstance the Court should consider.

District courts have significant discretion when evaluating motions for compassionate release, and the First Step Act instructs them to "consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them." *United States v. Brooker*, 976 F.3d 227, 237 (2d Cir. 2020). But even after a careful consideration of all of Van Manen's stated reasons for compassionate release, the Court concludes that there is no "extraordinary and compelling" circumstance or "combination of circumstances taken together" here that warrants release. *United States v. Rengifo*, 569 F. Supp. 3d 180, 192–93 (S.D.N.Y. 2021). Van Manen has serious and chronic health conditions, like hypertension, diabetes, chest pain, arthritis, and edema, but his medical records indicate that he has received regular treatment for these conditions while incarcerated, including with the relevant specialists. *See* Dkt. 466-1. The almost-400 pages of records also indicate that Van Manen is taking an active role in managing these conditions and works closely with BOP medical staff to find the treatments that work best for him. *Id.* Nor was Van Manen's sentence unreasonable. Judge Crotty imposed the sentence of 276 months of imprisonment, which was below the Sentencing Guidelines range of 360 months to life but above the mandatory minimum of 240 months, after careful consideration. *See* Dkt. 391 at 5. Unlike in Van Manen's cited cases, the sentence was not a product of outdated stacking provisions, nor was Van Manen an adolescent when he committed his crimes. And as the Government points out, Van Manen's sentence is in line with other drug-related offenses that directly led to overdose deaths. *See* Dkt. 466 at 9–10. While Van Manen briefly references the conditions of confinement and his desire to make amends with family, he doesn't give any details about either that suggest there is a compelling reason to release him.

Finally, Van Manen highlights his record of rehabilitation, including his participation in BOP programs, work in food services, and lack of disciplinary infractions. Dkt. 464 at 4. The Court commends Van Manen for this track record. But even after adding these rehabilitation efforts into the overall picture, there are no "extraordinary and compelling" circumstances that call for a reduction of Van Manen's sentence. Van Manen's situation is similar to many other imprisoned individuals in federal custody: his medical conditions are serious but managed by regular treatment; his sentence is significant but consistent with sentences imposed in comparable cases; he has family ties but no uniquely-pressing family obligations; and he is remorseful for his actions and working hard to rehabilitate himself while imprisoned. Without an "extraordinary and compelling" circumstance that separates Van Manen from other imprisoned individuals, the Court cannot order early release.

## II.    The § 3553(a) sentencing factors do not support early release.

While the Court need not reach the § 3553(a) factors because of its finding that there are no "extraordinary and compelling" circumstances that warrant early release, the § 3553(a) factors are an "alternative and independent basis for denial of compassionate release." *United States v. Robinson*, 848 F. App'x 477, 478 (2d Cir. 2021). 18 U.S.C. § 3553(a) instructs courts to consider a variety of factors when imposing a sentence, including the "nature and circumstances of the offense"; the "history and characteristics of the defendant"; the "need for the sentence imposed" to "reflect the seriousness of the offense," to "afford adequate deterrence to criminal conduct," to

"protect the public from further crimes of the defendant," and to "provide the defendant with needed educational or vocational training, medical care, or other correctional treatment"; the Sentencing Commission's policy statements, and "the need to avoid unwarranted sentence disparities."

Judge Crotty's opinion denying Van Manen's first motion for compassionate release concluded that the § 3553(a) factors counseled against early release, noting that Van Manen's "crime was serious" and "contributed to the death or serious injury of at least two people," that Van Manen had already received a "significantly-below-guidelines sentence," and that Van Manen had "served less than a quarter of his sentence." Dkt. 391 at 5–6. Van Manen's renewed motion argues that his "spotless prison record," desire to be a "model citizen upon his release from prison" and "the time he has served" mean that the § 3553(a) inquiry should come out differently this time. Dkt. 464 at 6. The Court disagrees. Van Manen's conduct in prison and determination to rebuild after release are clearly positive steps forward, but they do not outweigh the seriousness of his crime and the need to deter involvement in drug trafficking, which takes countless lives in this District every day. And while Van Manen states that he "acknowledges the gravity of his offenses and accepts responsibility for his actions," Dkt. 464 at 4, he also writes in his motion that his sentence is "tragically unjust" because he "was only an addict[,] and he only became an addict after being prescribed opiates for a work-related injury." *Id.* at 6 n.20. This echoes Van Manen's statements at sentencing, where he said he was guilty only of a "small part" in the conspiracy and blamed his addiction for his role. Dkt. 329 at 20, 26, 27. Van Manen's lack of genuine remorse is troubling and further motivates against early release.

The Court is especially concerned with the "need to avoid unwarranted sentence disparities." 18 U.S.C. § 3553(a)(6). Van Manen argues that he should be released because two of his co-defendants are soon to be released, "leav[ing] [him] as the only defendant in the conspiracy still incarcerated." Dkt. 464 at 6 n.20. But he is one of the last in the conspiracy to be incarcerated in part because three of his co-defendants passed away, not because every other co-defendant received a shorter sentence for a similar role. *Id.* One of Van Manen's co-defendants, Joseph Cucciniello, was sentenced to 48 months of imprisonment for a "vastly smaller role in the conspiracy" and was not found to have caused a death. Dkt. 466 at 12. Reducing Van Manen's sentence to be in line with Cucciniello's would create a stark sentence disparity between the two defendants given the significant differences in their roles. It would also inappropriately overlook Van Manen's role in directly causing a person's death. The Court declines to create such a disparity.

Like Judge Crotty did at sentencing, *see* Dkt. 329, and later in denying Van Manen's first motion for compassionate release, *see* Dkt. 391, the Court considers that Van Manen's personal struggles with substance abuse were a "major factor in his turning into a drug dealer." Dkt. 329 at 29–30. Van Manen is now "committed to living a drug-free life." Dkt. 464 at 6. But these personal characteristics can't overcome the other § 3553(a) factors.

3

## CONCLUSION

Van Manen's renewed motion for compassionate release is DENIED without prejudice to another motion if his circumstances change. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to terminate Dkt. 464.

SO ORDERED.

Dated: March 26, 2025
New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge